```
              IN THE UNITED STATES DISTRICT COURT
            FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                        WESTERN DIVISION
```

GREGORY SHANE HEARN                                      PETITIONER

VS.                          CIVIL ACTION NO.  5:05cv158-DCB-JCS
                               CRIMINAL NO.  5:04cr13-DCB

UNITED STATES OF AMERICA                                 RESPONDENT

## **MEMORANDUM OPINION AND ORDER**

This cause is before the Court on the petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [**docket entry no. 1** in civil action 5:05cv158 and **docket entry no. 29** in criminal action 5:04cr13].  Having reviewed the motion, the government's response, affidavits of petitioner's former counsel, applicable statutory and case law, and being otherwise fully advised in the premises, the Court finds as follows:

## **FACTUAL AND PROCEDURAL HISTORY**

On February 7, 2005, petitioner Gregory Shane Hearn was sentenced to sixty-three (63) months imprisonment and four (4) years supervised probation after pleading guilty on October 27, 2004 to Count 2 of the indictment against him.  Count 2 charged that the petitioner knowingly and intentionally manufactured more than 50 grams, but less than 500 grams, of a mixture containing a detectable amount of methamphetamine, a Schedule II controlled substance, in violation of 21 U.S.C. § 841(a)(1).  The guilty plea was negotiated with the government, and a Memorandum of Understanding ("MOU") memorialized the terms of the plea agreement

reached on October 27, 2004.

On August 24, 2005, Hearn filed the instant Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255.  He raises three bases of relief within that motion.  First, he claims that his attorney provided ineffective assistance by failing to demonstrate to the Court that the amount of drugs applicable to Count 2 and at issue in determining the appropriate sentencing range of the U.S. Sentencing Guidelines is 5.293 grams instead of the "more than 50 grams, but less than 500 grams" stated in Count 2.  Second, he claims that his attorney provided ineffective assistance by failing to object at sentencing to the District Court's enhancement of his sentence for possession of dangerous weapons.  Finally, Hearn claims that his Sixth Amendment rights were violated by the District Court's reliance on facts found by the judge, and not by a jury, to impose sentencing enhancements; and also by his attorney's failure to object at sentencing and then raise the District Court's constitutional violation on direct appeal.

## **DISCUSSION**

To obtain post-conviction relief under 28 U.S.C. § 2255, a petitioner attacking his conviction or sentence must prove by a preponderance of the evidence that his sentence was imposed in violation of the United States Constitution or laws, that the court lacked jurisdiction to impose such a sentence, that the sentence

exceeded the maximum authorized by law, or that the sentence is otherwise subject to collateral attack.  See 28 U.S.C. § 2255.

The government contends that Hearn's § 2255 motion should be denied, because he waived all rights to pursue such collateral relief in his plea agreement as memorialized by the MOU. Government's Response, 1-2.  The MOU, signed by Hearn on October 27, 2004, provides in part:

> The Defendant, knowing and understanding all of the matters aforesaid including the maximum possible penalty that could be imposed, and being advised of his or her rights to remain silent, to trial by jury, to subpoena witnesses on his own behalf, to confront the witnesses against him, and to appeal the conviction and sentence, in exchange for the recommendations and concessions made by the United States Attorney's Office in this plea agreement hereby expressly waives the above rights and the following: the right to appeal the conviction and sentence imposed in this case, or the manner in which that sentence was imposed, on the grounds set forth in Section 3742, or on any ground whatsoever, and expressly waives the right to contest the conviction and sentence or the manner in which the sentence was imposed in any post-conviction proceeding, including but not limited to a motion brought under Section 2255, Title 28, United States Code and any type of proceeding claiming double jeopardy or excessive penalty as a result of any forfeiture ordered or to be ordered in this case.

Memorandum of Understanding, ¶16.

Hearn waived his right to post-conviction relief when he knowingly and voluntarily entered into a plea agreement with the government.  A plea agreement is enforceable and evinces a

petitioner's waiver of appeal and post-conviction relief where the Court determines that the petitioner knowingly and voluntarily entered into the plea agreement.  See <u>United States v. Wilkes</u>, 20 F.3d 651, 653-54 (5th Cir. 1994).  Furthermore, an MOU memorializing the plea agreement acts to bar both the petitioner's claims that his counsel provided ineffective assistance as well as his assertion that his sentence was impermissibly enhanced.  See <u>United States v. Glinsey</u>, 209 F.3d 386, 392 (5th Cir. 2000) ("A voluntary guilty plea waives all nonjurisdictional defects in the proceedings against the defendant" including "claims of ineffective assistance of counsel except insofar as the ineffectiveness is alleged to have rendered the guilty plea involuntary").

The government asserts that the requirements of knowledge and volition were satisfied when Hearn "specifically acknowledged that he understood the terms of the MOU" and that "the specific portions of the MOU regarding the waiver of rights to appeal were also read into the record prior to the defendant being asked whether he was in fact guilty of the crime."  Government's Response, 2.  The Court's review of the transcript bears out these statements by the government.  On October 27, 2004, the following dialogue was held between the Court and the petitioner during the plea hearing:

> Q.   You're able to read and write, are you not?
>
> A.   Yes, sir.
>
> Q.   I want to be sure that you're competent

-4-

       today and were competent at the time of the offense.  It appears that you're charged with the manufacture of methamphetamine.  Have you ever been treated by a psychiatrist?

A.   No, sir.

Q.   Ever been a patient in a mental institution?

A.   No, sir.

Q.   Have you ingested any drugs or alcoholic beverages of any type within the past 24 hours?

A.   No, sir.

Q.   Are you under a doctor's orders to take any medication that you have not taken according to the doctor's orders?

A.   No, sir.

. . .

Q.   Mr. Hearn, do you tell me, sir, that you're mentally competent?

A.   Yes sir.

Q.   At the time of the offense, were you able to distinguish right from wrong?

A.   Yes, sir.

. . .

Q.   All right.  There is a presentence report (sic) in this case.  This presentence report, which is entitled a Memorandum of Understanding, is dated September 29, 2004, by and between the Honorable Alfred B. Jernigan for and on behalf of his client, the United States, the Honorable Ross R. Barnett, Jr., on behalf of his

>      client, Gregory Shane Hearn, and Mr.
>      Hearn himself.  Mr. Hearn, have you
>      reviewed this with Mr. Barnett?
>
> A.   Yes, sir.
>
> Q.   You understand what it says?
>
> A.   Yes, sir.
>
> Q.   Does it say everything it's supposed to
>      say?
>
> A.   Yes, sir.
>
> Q.   It encompasses the entire agreement
>      between Mr. Hearn and the United States?
>
> A.   Yes, sir.
>
> . . .
>
> Q.   Mr. Hearn, this agreement binds the
>      United States to make a recommendation to
>      the court at sentencing, which is that
>      Mr. Jernigan will recommend to the court
>      that you be sentenced within the lower 25
>      percent of the applicable guideline
>      range.  Most often I follow the
>      recommendation of the United States
>      because I find it to be very reasonable.
>      On the other hand, there are occasions
>      when I don't agree with Mr. Jernigan or
>      his group, but that's not often.  But I
>      don't – I'm not required to agree with
>      the United States Attorney in that
>      regard.  Do you understand?
>
> A.   Yes, sir.

As evidenced by the plea hearing transcript, the Court made specific findings that the petitioner was competent on the day of his plea hearing and that the plea agreement encompassed the entire agreement between the petitioner and the United States.  For his

part, the petitioner offers no argument or evidence that he entered the plea agreement unknowingly or involuntarily.  Therefore, the plea agreement and MOU at issue in the instant case are taken as enforceable, the petitioner is bound by the terms of the MOU, and his waiver in the MOU bars him from seeking post-conviction relief under 28 U.S.C. § 2255.  The petitioner is particularly barred from seeking post-conviction relief under 28 U.S.C. § 2255 on the grounds that his counsel was ineffective in demonstrating the applicable drug amounts and in failing to object to the Court's enhancement of his sentence for possession of dangerous weapons.

Even if the petitioner is not barred from seeking 28 U.S.C. § 2255 relief by his waiver, his claims are without merit.  The petitioner claims that his attorney failed to demonstrate to the Court that the amount and description of the drugs applicable to Count 2 of the indictment was 5.293 grams of actual methamphetamine.  This alleged failure to demonstrate had no bearing on the petitioner's sentence, because the MOU provided the Court with this information, and the Court considered this amount and description of the drugs in making its determinations regarding sentencing.  Reasons for Sentencing, ¶1.

The petitioner's guilty plea to Count 2 of the indictment evidences his violation of 21 U.S.C. § 841(a)(1), which is subject to the penalties described under 21 U.S.C. § 841(b).  Subsection (1)(B)(viii) of 21 U.S.C. § 841(b) applies to those violations

which involve 5 grams or more of actual methamphetamine or 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine.  The petitioner's stipulation in the MOU that the violation in the instant case involved 5.293 grams of actual methamphetamine establishes that the instant violation involved an amount in excess of the statutory minimum of 5 grams of actual methamphetamine and is subject to the penalties described under 21 U.S.C. § 841(b).

The scope of penalties under 21 U.S.C. § 841(b)(1)(B)(viii) is limited where no death or serious bodily injury resulted from the use of the substance and the petitioner has no prior convictions for a felony drug offense.  The facts in the instant case satisfy these requirements for limiting the scope of the penalty; therefore, the petitioner may be sentenced to a sentence for a term of imprisonment not less than 5 years and not more than 40 years and also a supervised release of at least 4 years following the term of imprisonment.  21 U.S.C. § 841(b)(1)(B).

The terms of the MOU include an agreement that the petitioner would be sentenced pursuant to the Federal Sentencing Guidelines Act.  Memorandum of Understanding, ¶ 1.  A violation of 21 U.S.C. § 841(a)(1) is subject to the United States Sentencing Guideline found in U.S.S.G. § 2D1.1, which contains a drug quantity table for determining base offense levels in subsection (c).  Statement of Reasons for Sentencing, ¶1.  The sentencing guidelines and the

notes which accompany the guidelines indicate that the base offense level may be determined using either the amount of a mixture containing methamphetamine or the amount of actual methamphetamine. Under U.S.S.G. § 2D1.1(c)(7), a base offense level of 26 applies to 21 U.S.C. § 841(a)(1) violations involving at least 50 grams but less than 200 grams of methamphetamine, or at least 5 grams but less than 20 grams of actual methamphetamine.  In the instant case, the Court determined that the 5.293 grams amount of actual methamphetamine to which the petitioner stipulated in the MOU falls within the range provided by U.S.S.G. § 2D1.1(c)(7) and therefore becomes subject to the base offense level of 26.  Memorandum of Understanding, ¶1. The petitioner is therefore barred from seeking post-conviction relief under 28 U.S.C. § 2255 on the grounds that his counsel was ineffective in demonstrating the applicable drug amounts.

In addition to stipulating to the amount and description of the drugs applicable to Count 2 of the indictment, the petitioner stipulated in the MOU that he had possession of the firearms described in Counts 3 and 4 of the indictment. Id.  This stipulation guided the Court in its enhancement of the sentencing offense level by two levels pursuant to the United States Sentencing Commission Guideline found in U.S.S.G. § 2D1.1(b)(1). The petitioner therefore is barred from seeking 28 U.S.C. § 2255 relief on the grounds of this enhancement of his sentence.

The petitioner also claims that his Sixth Amendment rights were violated by the District Court's reliance on judge-found facts to impose sentencing enhancements. He claims that this violation entitles him to relief under the rule emerging out of United States v. Booker, whereby the Supreme Court affirms that the federal sentencing guidelines like those considered in the instant case are subject to jury trial requirements of the Sixth Amendment. 543 U.S. 220, 233 (2005). Despite the petitioner's arguments in favor of applying the Booker rule to the facts of his case, his arguments are unsuccessful in showing that he is entitled to any relief under Booker.

The instant case presents no jury issues which violate the Booker rule. The petitioner stipulated in the MOU to both the amount of actual methamphetamine and his possession of dangerous weapons. In imposing the sentence, the Court properly relied on the facts to which Hearn stipulated in the MOU and agreed to at sentencing. It was also not improper for the petitioner's attorney to refrain from objecting to this issue at sentencing. As a result, the petitioner's motion on this ground is without merit.

## CONCLUSION

For the foregoing reasons, the petitioner's Motion to Vacate, Set Aside or Correct Sentence is not well-taken and shall be denied. Accordingly,

IT IS HEREBY ORDERED that Petitioner Gregory Shane Hearn's

Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 [**docket entry no.1** in civil action 5:05cv158 and **docket entry no. 29** in criminal action 5:04cr13] is **DENIED**.

A separate judgment will be entered by the Court in accordance with Rule 58 of the Federal Rules of Civil Procedure.

SO ORDERED, this the 14th day of June, 2006.

                                             S/DAVID BRAMLETTE
                                             UNITED STATES DISTRICT JUDGE